FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 11, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH WILLIAM HART,<br><br>                Petitioner,<br><br>   v.<br><br>RON HAYNES,<br><br>                Respondent. | NO: 4:26-CV-5065-TOR<br><br>ORDER DISMISSING ACTION |

BEFORE THE COURT is Petitioner's First Amended Petition brought pursuant to 28 U.S.C. § 2254. ECF No. 7. Therefore, the Clerk of Court shall change the cause of action on the docket. Petitioner, an individual incarcerated at the Airway Heights Corrections Center, is proceeding *pro se* and has paid the $5.00 filing fee for this action.

Petitioner challenges his 2014 Franklin County convictions for second degree murder and second-degree assault. ECF No. 7 at 1. He was sentenced in 2016 to "LWOP," by which it is assumed he means life without the possibility of parole. *Id.*

ORDER DISMISSING ACTION -- 1

Petitioner indicates that after he was re-sentenced in January 2016, he sought no further state court review. *Id.* at 2.

Although advised of the federal limitations period in the Court's prior Order, ECF No. 6, Petitioner has presented no basis to either statutorily or equitably toll the applicable limitations period. Consequently, his habeas corpus petition challenging his 2014 conviction and 2016 sentence in Franklin County is dismissed as time-barred under 28 U.S.C. § 2244(d).

Petitioner's assertions are mostly unintelligible. To the extent Petitioner seeks to assert claims that do not challenge the fact or duration of his physical imprisonment, he would need to bring those claims, if at all, in a separate action under 42 U.S.C. § 1983. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus[;] requests for relief turning on circumstances of confinement may be presented in a [section] 1983 action." (*citing Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973))). Petitioner would be responsible for paying the full amount of the filing fee for any § 1983 action he chooses to file regarding medical care at the Airway Heights Corrections Center.

Accordingly, **IT IS ORDERED:**

1.     The Clerk of Court shall change the cause of action on the docket to reflect that this is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

ORDER DISMISSING ACTION -- 2

2.    The Petition for Writ of Habeas Corpus, ECF No. 7, is **DISMISSED with prejudice** as time-barred under 28 U.S.C. § 2244(d).

3.    The Court certifies that any appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A certificate of appealability is therefore **DENIED.**

The Clerk of Court is directed to enter this Order, enter judgment, provide a copy to Petitioner, and **CLOSE THE FILE**.

**DATED** August 11, 2026.



THOMAS O. RICE
United States District Judge

ORDER DISMISSING ACTION -- 3